**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **HOUSTONAUSTIN INVESTMENTS, L.L.C.** | § § § § § § | |
| *Plaintiff,* | | |
| **v.** | § § § § § § § § § § § | **CIVIL ACTION NO. 4:26-CV-02352** |
| **MID-CONTINENT CASUALTY COMPANY AND ROBERT EDWARD BRYANT** | | |
| *Defendants.* | | |

**DEFENDANT MID-CONTINENT CASUALTY COMPANY'S FIRST AMENDED NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Defendant Mid-Continent Casualty Company ("**Mid-Continent**"), and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, Federal Rule of Civil Procedure 81(c), and the Court's March 26, 2026 Order for Conference and Disclosure of Interested Parties, files this, its First Amended Notice of Removal, and would show the Court the following:

## I.    BACKGROUND FACTS

1.    This case arises out of a coverage dispute. Mid-Continent issued to Plaintiff HoustonAustin Investments, L.L.C. ("**Plaintiff**" or "**HoustonAustin**") pollution liability coverage. On or about December 11, 2024, BBC Mondo, LLC and Capsat Nevada, LLC filed suit against Plaintiff (the "**Underlying Lawsuit**").[1] BBC Mondo, LLC and Capsat Nevada, LLC

[1] *BBC Mondo, LLC and Capsat Nevada, LLC v. HoustonAustin Investments, LLC*, No. D-1-GN-24-009923, pending in the 250th Judicial District Court of Travis County, Texas.

asserted, in relevant part, that Plaintiff's acts or omissions resulted in the discharge of petroleum waste onto BBC Mondo's property.

2.      On October 6, 2025, Plaintiff filed the instant lawsuit against Mid-Continent and, Mid-Continent's agent, Robert Edward Bryant, regarding the handling of Plaintiff's claim involving the alleged damage to BBC Mondo's property (the "**State Court Coverage Lawsuit**"). Defendants Mid-Continent and Bryant filed their Original Answers in the State Court Coverage Lawsuit on February 26, 2026.[2] On or about February 26, 2026, Mid-Continent provided written notice to Plaintiff of its Election of Legal Responsibility as to its agent Defendant Robert Edward Bryant pursuant to § 542A.006 of the Texas Insurance Code. A copy of the Election and accompanying letter was attached to the original Notice of Removal as **Exhibit A** and is incorporated by reference.

3.      On March 26, 2026, the Court issued an Order for Conference and Disclosure of Interested Parties.[3] The Order required, in part, for an amended notice of removal to be filed within twenty days of its entry to show the citizenship of any limited liability entities, if the initial notice of removal did not do so.[4] To ensure compliance with the Court's order, Mid-Continent now amends its notice of removal to specifically provide the citizenship and name of HoustonAustin's sole member.[5]

---

[2] *See* Defendant Mid-Continent Casualty Company's Original Answer; *see* Defendant Robert Edward Bryant's Original Answer.

[3] *See generally* Order for Conference and Disclosure of Interested Parties, filed on March 26, 2026.

[4] *Id.* at 1.

[5] That said, Mid-Continent's original Notice of Removal stated that HoustonAustin's members resided in Harris County, Texas. *See* Defendant Mid-Continent Casualty Company's Notice of Removal at ¶ 12, filed on March 24, 2026 (stating "[u]pon information and belief, HoustonAustin is a Texas limited liability company whose members reside in Harris County, Texas.").

## II.     BASIS FOR REMOVAL

### A.     There Is Complete Diversity of Citizenship As Between Proper Parties

4.     This case qualifies for removal based upon diversity of citizenship. Upon information and belief, HoustonAustin is a Texas limited liability company whose members reside in Harris County, Texas.[6] Defendant Mid-Continent is a corporation that was incorporated in Ohio with its principal place of business in Tulsa, Oklahoma. Defendant Bryant is a Texas citizen. However, as explained below, Defendant Bryant is improperly joined.  Thus, the Court must disregard his citizenship for purposes of diversity.

5.     Ordinarily, diversity jurisdiction requires complete diversity.  *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016) (en banc) (citing 28 U.S.C. § 1332(a)(1)).  However, when a plaintiff improperly joins a non-diverse defendant, the court may disregard the non-diverse defendant's citizenship and dismiss the non-diverse defendant from the case.  *Id.*

6.     Texas Insurance Code § 542A.006 provides that an insurer may elect to accept whatever liability an agent may have to a claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

7.     As mentioned above, HoustonAustin filed the State Court Coverage Lawsuit on or about October 6, 2025 against both Mid-Continent and Bryant. On or about February 26, 2026, Mid-Continent sent HoustonAustin a written notice of election of legal responsibility as to Bryant, as permitted by Texas Insurance Code § 542A.006.  As a result of Mid-Continent's election, HoustonAustin has no possibility of recovery against Bryant.

8.     The Fifth Circuit recently confirmed that an insurer's post-suit, pre-removal § 542A election of an adjuster's liability makes a case removable.  *See Advanced Indicator and Mfg., Inc.*

---

[6] Plaintiff's Original Petition at ¶9.

*v. Acadia Ins. Co*., 50 F.4th 469 (5th Cir. 2022).  In *Advanced Indicator*, the insured presented a claim for wind damage to its property insurer.  *Id.* at 472.  The parties disputed coverage.  *Id.*  The insured sued both the insurer and the adjuster in state court.  *Id.*   After the insured filed suit, the insurer elected to accept legal liability for the adjuster pursuant to Texas Insurance Code § 542A.006.  *Id.*  The following day, the insurer removed the suit to federal court.  *Id.*  A week later the adjuster filed a motion to dismiss, arguing that he was improperly joined and the insured could not state a claim.  *Id.*  The insured moved to remand the case, asserting that the adjuster was not improperly joined.  *Id.*  The district court denied the motion to remand and dismissed the adjuster.  *Id.*

9.     The insurer later prevailed on summary judgment, and the insured appealed.  *Id.*  In its analysis, the Fifth Circuit first considered whether the district court erred in dismissing the adjuster.  *Id.*  It identified the issue: whether a post-suit, pre-removal election of liability pursuant to § 542A violates the voluntary-involuntary rule.  *Id.* at 473-474.  The voluntary-involuntary rule "dictates that 'an action removable when commenced may become removable thereafter only by the voluntary act of the plaintiff.'"  *Id.* at 474 (citing *Weems v. Louis Dreyfus Corp*., 380 F.2d 545, 547 (5th Cir. 1967)).  The Court explained that some courts had held that the voluntary-involuntary rule bars removal when an insurer makes a post-suit election because the election is an action taken by a defendant, not the plaintiff.  *Advanced Indicator*, 50 F. 4th at 474.  Other courts had determined that the voluntary-involuntary rule is inapplicable if the agent is improperly joined at the time of the removal.  *Id.*  In *Advanced Indicator*, the Fifth Circuit settled the voluntary-involuntary issue as related to insurers' elections of liability for adjusters, holding:

> Today we adopt the later approach, which is a natural extension of our precedent.
> Indeed, 'courts have long recognized an exception to the voluntary-involuntary rule
> where a claim against a nondiverse or in-state defendant is dismissed on account of
> fraudulent joinder.  Moreover, our en banc court stressed that 'to determine whether

**DEFENDANT MID-CONTINENT CASUALTY COMPANY'S FIRST AMENDED NOTICE OF REMOVAL**                                                                                       **PAGE 4**
1096930V.1

a plaintiff has improperly joined a non-diverse defendant, the district court must examine the plaintiff's possibility of recovery against that defendant at the time of removal.  In this case, [the adjuster] was improperly joined after [the insurer's] election because 542.006's mandate that an agent be dismissed with prejudice dictates that [the insured] had no possibility of recovery against him.  Taking our holdings in [prior cases] together, the answer to this case becomes clear: because [the adjuster] was improperly joined at the time of removal, [the insurer's] removal was proper.

*Id*. (Internal citations omitted).

10.     The Fifth Circuit also held that whether the insurer accepts responsibility before or after the suit is filed makes no material difference.  *Id*. at 475.  Instead, the crux of the court's inquiry is the possibility of recovery against the defendant *at the time of removal*.  *Id*.  The Fifth Circuit explained that § 542A requires that "the court shall dismiss the action against the agent with prejudice" when the insurer makes an election of liability.  *Id*.  (citing Tex. Ins. Code § 542A.006(c)).  Since there is no possibility an insured can recover against an in-state adjuster at the time of removal where the insurer has made an election of liability, it is proper for the district court to dismiss the agent with prejudice.  *Id*.

11.     Applying the holding from *Advanced Indicator* to this case, the Court must first evaluate whether there is any possibility HoustonAustin can recover against Bryant *today*: at the time of removal.  There is not.  Mid-Continent elected to accept whatever liability Bryant may have to HoustonAustin for Bryant's acts or omissions related to the claim by providing written notice to HoustonAustin on February 26, 2026, in accordance with Texas Insurance Code § 542A.006. *See* **Exhibit A**. This was post-suit, and pre-removal.  Pursuant to the Fifth Circuit's holding in *Advanced Indicator*, Mid-Continent's election of liability dictates that HoustonAustin has no possibility of recovery.

12.     Next, the Court must consider whether there is diversity of citizenship.  As the Fifth Circuit explained in *Advanced Indicator*, Bryant became improperly joined in this lawsuit

following Mid-Continent's February 26, 2026 written acceptance of Bryant's legal liability. Thus, there is no possibility of recovery by Plaintiff against Bryant. Therefore, the Court must disregard Bryant's citizenship and consider only the citizenships of HoustonAustin and Mid-Continent for purposes of diversity.

13.     There is complete diversity between Mid-Continent and HoustonAustin. A corporation is a citizen of each state in which it is incorporated and the state in which it has its principal place of business. *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liability Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing 28 U.S.C. § 1332(c)(1)). A limited liability company is deemed to possess the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). An individual is a citizen of the state in which she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).  Mid-Continent was incorporated in Ohio and has its principal place of business in Tulsa, Oklahoma. Thus, Mid-Continent is a citizen of Ohio and Oklahoma. HoustonAustin is a limited liability company, and Amir Ali Zindani—its sole member—is domiciled in the state of Texas.[7] Thus, HoustonAustin is a citizen of the state of Texas.[8] For these reasons, complete diversity of citizenship exists.

### B.     The Amount In Controversy Is Over $75,000

14.      "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). Here, HoustonAustin's Original Petition does not state an amount in controversy.[9] Upon information and belief, HoustonAustin seeks damages in excess of $75,000, in satisfaction of 28 U.S.C. § 1332(a).

---

[7] Plaintiff's Rule 7.1 Disclosure Statement, filed on April 1, 2026.
[8] *Id.*
[9] *See generally* Plaintiff's Original Petition.

**DEFENDANT MID-CONTINENT CASUALTY COMPANY'S FIRST AMENDED NOTICE OF REMOVAL** **PAGE 6**
1096930V.1

C.      **Venue Is Proper In This Judicial District**

15.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1441(a) because the State Court Coverage Lawsuit is located in this judicial district.

D.      **The Original Notice of Removal was filed Within the Proper Period Prescribed by 28 U.S.C. § 1446(b) and Case Law Governing Improper Joinder.**

16.      As stated above, Defendant Robert Edward Bryant became improperly joined as of the date Mid-Continent provided Plaintiff with its Election of Legal Responsibility: February 26, 2026.[10] Removal must take place within 30 days of the date the case becomes removable. *F.D.I.C. v. Loyd*, 955 F.2d 316, 324 (5th Cir. 1992); 28 U.S.C. § 1446(b). In cases of improper joinder, a case becomes must be removed within thirty days "from the date that the fraudulent joinder could first be ascertained[.]"*Delaney v. Viking Freight, Inc.*, 41 F.Supp.2d 672, 674 (E.D. Tex. 1999); *see Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As Bryant became improperly joined to this lawsuit on February 26, 2026, the Notice of Removal filed on March 24, 2026— which this First Amended Notice of Removal amends—was timely. As this First Amended Notice of Removal is filed solely to more fully allege the jurisdictional grounds for removal and ensure compliance with the Court's Order for Conference and Disclosure of Interested Parties, this Amended Notice of Removal is properly and timely filed.[11]

## III.      INFORMATION FOR THE CLERK

17.      Pursuant to 28 U.S.C. § 1446(a) and Southern District Local Rules 3 and 81, Mid-Continent incorporates the following exhibits—which were filed with Mid-Continent's original

---

[10] *See supra* ¶ 11.

[11] This First Amended Notice of Removal is filed within twenty days of the Court's March 26, 2026 Order for Conference and Disclosure of Interested Parties and is, thus, timely. *See* Order for Conference and Disclosure of Interested Parties at 1, filed on March 26, 2026 (stating that an amended notice of removal must be filed within twenty days of the order).

**DEFENDANT MID-CONTINENT CASUALTY COMPANY'S FIRST AMENDED NOTICE OF REMOVAL** **PAGE 7**
1096930V.1

Notice of Removal on March 24, 2026 as **Exhibit B**—by reference:[12]

    1. Exhibit B-1: An index of matters being filed;

    2. Exhibit B-2: All executed process in the case;[13]

    3. Exhibit B-3: Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings;

    4. Exhibit B-4: All orders signed by the state judge;

    5. Exhibit B-5: The docket sheet;

    6. Exhibit B-6: A list of all counsel of record, including addresses, telephone numbers and parties represented; and

    7. Exhibit B-7: Cover sheet.

18.    Mid-Continent will supplement this removal if any additional pleadings are filed in the State Court Coverage Lawsuit.

## IV.    PRAYER

**WHEREFORE**, Defendant Mid-Continent Casualty Company asks the Court to remove the action styled *HoustonAustin Investments, L.L.C. v. Mid-Continent Casualty Company and Robert Edward Bryant*, Cause No. 2025-76122, in the 189th Judicial District Court of Harris County, Texas, to this federal court and grant such other and further relief, both at law and in equity, to which Defendant is justly entitled.

---

[12] *See* Exhibits B-1 through B-7 to Defendant Mid-Continent Casualty Company's Notice of Removal, filed on March 24, 2026.

[13] In addition to the return of service for Mid-Continent, Defendant attached the return of service for Robert Edward Bryant. That said, Mid-Continent does not believe that service of process was properly made upon Bryant. Even so, Mid-Continent and Bryant later filed their answers in this matter, rendering any dispute regarding service of process moot. *See Brown v. Apex Realty*, 349 S.W.3d 162, 165 (Tex. App.—Dallas 2011, pet. dism'd). (noting that "'[w]hen a defendant is deemed to have answered and appeared in court, she waives all complaints as to defects in the service of process.'") (quoting *Montgomery v. Chase Home Fin., LLC*, No. 05-08-00888-CV, 2009 WL 2784587, at *1 (Tex. App.—Dallas Sep. 2, 2009, no pet.); *see also City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n. 15 (5th Cir. 2005).

**DEFENDANT MID-CONTINENT CASUALTY COMPANY'S FIRST AMENDED NOTICE OF REMOVAL                                   PAGE 8**
**1096930V.1**

Respectfully submitted,

**COOPER & SCULLY, P.C.**

By: */s/ Nicholas "Nick" Baker*
     **R. BRENT COOPER**
     State Bar No. 04783250
     Brent.Cooper@cooperscully.com
     **NICHOLAS "NICK" BAKER**
     State Bar No. 24148808
     Nick.Baker@cooperscully.com

     **COOPER & SCULLY, P.C.**
     Founders Square
     900 Jackson Street, Suite 100
     Dallas, Texas 75202
     Telephone: (214) 712-9500
     Facsimile: (214) 712-9540

     **ATTORNEYS FOR MID-CONTINENT CASUALTY COMPANY AND ROBERT EDWARD BRYANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Nicholas "Nick" Baker*
**NICHOLAS "NICK" BAKER**

**DEFENDANT MID-CONTINENT CASUALTY COMPANY'S FIRST AMENDED NOTICE OF REMOVAL**               **PAGE 9**
**1096930V.1**